IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**WILLIE GILDER,**
*Individually, and on behalf of himself
and others similarly situated,*

Plaintiff,

v.  No 3:22-cv-00224

**BNPC, LLC** and **SERVPRO OF
MONTGOMERY COUNTY, LLC**

**FLSA Collective Action
JURY DEMANDED**

Defendants.

### UNOPPOSED MOTION AND INCORPORATED MEMORANDUM TO APPROVE FLSA SETTLEMENT

Plaintiff hereby moves the Court to approve this settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claims. The settlement agreement is attached hereto as *Exhibit A*. This settlement resolves a bona fide dispute over FLSA liability and is the product of a day's-long mediation with respected mediator Chuck Yezbak during which the parties vigorously defended their respective positions.

When parties settle or compromise an FLSA claim, some courts require the parties to seek court approval. *Simmons v. Mathis Tire & Auto Serv.*, No. 13-2875-STA-tmp, 2015 U.S. Dist. LEXIS 114008, at *2 (W.D. Tenn. Aug. 20, 2015). These courts require a demonstration that the proposed settlement represents a resolution of a bona fide dispute over FLSA liability. *Id.*

The settlement before the Court is a fair and reasonable resolution of a bona fide dispute over FLSA liability. The settlement was reached only after the parties mediated the case at arms' length and negotiated a settlement compromising on their respective positions. The settlement

provides Plaintiff with $3,500.00, exclusive of attorney's fees and costs. Plaintiff counsel estimates Plaintiff's complete claim to unpaid overtime and liquidated damages to be $6,270.00. In other words, this settlement provides Plaintiff with 100% of the unpaid overtime wages that his counsel estimates he could win at trial.

Nonetheless, there remains a question over whether such review is required or judicially authorized. *See Askew et. al. v. Inter-Continental Hotels Corporation et.*, al., No. 5:19-cv-00024-BJB-LLK (ECF No. 57) at 9 (W.D Ky. Aug. 8, 2022), attached as *Exhibit B*. ("Faced with a statute that doesn't require court approval before dismissal, and a Rule that presumes the opposite, the Court concludes that FLSA is not an 'applicable federal statute' under Rule 41(a)(1)(A) that prevents dismissal at the parties' behest."). Because of the uncertainty in this area of the law, Plaintiff submits this Motion and asks the Court to approve the settlement. However, Plaintiff also urges the Court to adopt the reasoning from *Askew* that settlement approval is not required. *Id.* Respectfully submitted,

                        **JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**

           By:      *s/ Robert E. Morelli, III*
                      Gordon E Jackson, TN Bar No. 08323
                      Joseph Russ Bryant, TN Bar No. 033830
                      Robert Emmett Turner, IV, TN Bar No. 35364
                      Robert E. Morelli, III, TN Bar No. 037004
                      262 German Oak Drive
                      Memphis, TN 38018
                      Telephone: (901) 754-8001
                      Email: gjackson@jsyc.com
                      Email: rmorelli@jsyc.com
                      Email: rturner@jsyc.com
                      Email: rbryant@jsyc.com
                      *Counsel for Plaintiffs*

                      &amp;

## CERTIFICATE OF SERVICE

I, Robert E. Morelli, III, hereby certify that a true and correct copy of the Motion to Approve FLSA Settlement has been furnished to the below individuals via the Court's electronic filing system on October 7, 2022.

>Mary Dohner Smith, TN Bar No. 21451 750 Old
>Hickory Blvd., Ste. 260-2
>Brentwood, TN 37027
>Telephone: (615) 320-5200
>Facsimile: (615) 810-8060  Email:
>mdohner@constangy.com
>*Counsel for Defendants*
>
>*s/ Robert E. Morelli, III*